COMMONWEALTH *vs.* MAURIZIO MOLARI. No. 90-P-1366. October 24, 1991. *Motor Vehicle*, Homicide. *Practice, Criminal*, Disclosure of evidence.

Charged with — and convicted of — motor vehicle homicide by reason of negligence (G. L. c. 90, § 24G), the defendant protests that he heard for the first time at his trial that the driver of the car against which he had crashed head-on had consumed an alcoholic drink at 7:45 P.M. on Decem-ber 19, 1987. The fatal accident occurred later that night, around 1:00 A.M. The defendant Molari's principal argument on appeal is that the Commonwealth improperly delayed providing him with material exculpa-tory information and that, therefore, he was entitled to the ultimate sanc-tion against the government: dismissal of the complaint. We affirm the judgment of conviction.

At the primary proceeding in the District Court, Molari admitted to sufficient facts for the entry of a finding of guilty and promptly claimed a trial in the District Court before a jury of six. When the matter, after several continuances requested by the defense, came up for trial, Molari waived his right to be tried by a jury, thereby electing a bench trial. There was evidence that a white Buick, which Molari was driving, collided head-

on with a station wagon, which Barbara J. Murphy was driving, in the lane in which the Murphy car was lawfully travelling. The white Buick had been observed speeding seconds before the accident, swerving into the oncoming traffic lane, barely missing two cars by swerving into its proper lane, and then swerving back and striking the Murphy vehicle. Barbara Murphy's husband, Kevin Murphy, was a passenger in the car she was driving and was killed in the accident. The couple had been at a Christmas party in Quincy. By prearrangement, Barbara Murphy was to drive home that night so that Kevin could drink freely. Police reports of the accident said that alcohol had not been involved.

1. *Claimed failure to disclose exculpatory evidence.* During preparation for trial, the defense sought and, upon court order, obtained hospital records pertaining to Barbara Murphy's medical treatment after the accident. Those records did not include reference to an alcohol level blood test, a circumstance of which defense counsel made much in a motion for a continuance which was allowed. Presumably, defense counsel was interested in whether Barbara Murphy had been drinking before the accident and whether that had contributed to the collision. There is nothing in the record that the defense made specific inquiry of the prosecution whether it had information about Barbara Murphy's having drunk alcohol at the party or that it attempted to interview Barbara Murphy. Under *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963), and *Commonwealth* v. *Baldwin*, 385 Mass. 165, 177 (1982), the prosecution is to disclose exculpatory evidence to the defense and to do so in a generous spirit, but sanctions are not imposed unless the request for information is specific or the exculpatory evidence is material. See also *Commonwealth* v. *Wilson*, 381 Mass. 90, 107 (1980).

The prosecution appears first to have heard about Barbara Murphy's Kahlua and soda on October 25, 1989, three business days before trial began. She had swallowed that one mixed drink, with food, five hours before the accident. If it registered with the assistant district attorney that this information might qualify as exculpatory, as to which see *Commonwealth* v. *Ellison*, 376 Mass. 1, 22 (1978), it would have been desirable for the prosecution, in an abundance of caution, to have notified defense counsel at once. In the absence of a request for specific information, however, the affirmative duty of a prosecutor to disclose is limited to information which is exculpatory *and* material. *Commonwealth* v. *Wilson*, 381 Mass. at 107, 114.

To determine materiality, a reviewing court considers, in the light of the entire record, whether the nondisclosed information was capable of creating "a reasonable doubt that did not otherwise exist." *United States* v. *Agurs*, 427 U.S. 97, 112 (1976). *Commonwealth* v. *Wilson, supra* at 107. *Commonwealth* v. *Collins*, 386 Mass. 1, 9-10 (1982). *Commonwealth* v. *Gregory*, 401 Mass. 437, 442 (1988). It is not plausible that defense counsel could have used the fact of the Kahlua and soda to generate a reasona-

ble doubt that did not otherwise exist in the face of: evidence that the defendant's car was in the opposite lane of travel when it collided with the Murphy vehicle; evidence of "dig marks" indicated a collision well within the lane in which the Murphy car was properly travelling; eyewitness testimony that the defendant's car had swerved into the oncoming lane, swerved back to its own lane, and then back into the oncoming lane; and Barbara Murphy's testimony that she had no memory how the accident had happened. Even assuming the altogether improbable, that one drink ingested five hours earlier would impair the driving of an adult, there is no suggestion of a causal connection between that theoretical impairment and an accident caused by the defendant's swerving into the oncoming lane. In view of its immateriality, the prosecutor had no duty to disclose the fact of Barbara Murphy's Kahlua and soda. The same reasoning pertains to an unopened six-pack of beer found in the wreck of the Murphy station wagon, one of two six-packs that Kevin Murphy had brought to the party. The Murphys were taking home the six-pack that had not been drunk.

Parenthetically, there was no showing that disclosure to the defense of the Kahlua and beer information immediately after the government learned of it would, or could, have altered the defense approach to the case. Significantly, the defense asked for no additional time to attempt to extract more than it did from the information, which was to use it as the basis for a line of cross-examination. See *Commonwealth* v. *Medina*, 372 Mass. 772, 779-780 (1977); *Commonwealth* v. *Redding*, 382 Mass. 154, 156 (1980). The defendant makes the argument that had he known about the Kahlua and soda he might not have elected to waive a jury trial, but that is surely conjecture. See *ibid*.

The trial judge did not err in declining to invoke sanctions against the Commonwealth because of the claimed failure promptly to disclose assertedly exculpatory evidence.

2. *Required finding of not guilty*. The testimony and physical evidence already described in this opinion were ample to support a finding of negligent driving on the part of the defendant. The defendant's motion for a required finding of not guilty was rightly denied.

*Judgment affirmed.*

J. *Albert Johnson* (*Marshall E. Johnson* with him) for the defendant.
*Kathleen A. Reagan*, Assistant District Attorney, for the Commonwealth.